Moncure, P.
delivered the opinion of the court.
The court is of opinion that'the Circuit court did not err in refusing to admit evidence of the conversations and declarations of the wife of the defendant in regard to his removal from the -State, as mentioned in the first bill of exceptions. The ease comes within the general rule, that a wife’s declarations and admissions are inadmissible evidence against her husband, and not within any exception to that rule. The conversations and declarations which were offered in evidence in this case were not admissible as part of the res gestee, for they did not accompany any act which was itself evidence and which they might reasonably tend to explain.
The court is further of opinion, that the Circuit court did not err in excluding evidence of defendant’s intention and declarations as to leaving'the State since the date of the attachment, as mentioned in the second bill of exceptions. The fact in controversy is the existence, at the time of suing out the attachment, of an intention on the part of the defendant to remove out of the State. The existence óf such an intention formed afterwards is not material, and not a sufficient ground for suing out an attachment. Declarations of the defendant made since the date of the attachment, as to his then existing intention to remove from the State, are not, in themselves, evidence tending to prove the existence of such an attention at the time of suing out the attachment. They might, perhaps, be made so recently after that time, or have connection with, or make such reference to it as .to tend to show the existence • of such intention at that time; and thus become admissible evidence. *162 But then the special circumstances making them admissible, must be affirmatively shown and set out in the bill of exceptions by the party who offers the evidence ; otherwise, they will not be presumed by the appellate court to have existed.
The Court is further of opinion, that the Circuit court did not err in refusing to require the defendant to introduce his testimony first, and requiring the plaintiff to introduce his evidence first, as mentioned in the third bill of exceptions. The Code, chapter 151, § 22, page 650, declares that “the right to sue out any such attachment may be contested ; and when the court is of opinion that it was issued on false suggestions, or without sufficent cause, judgment shall be entered that the attachment he abated.”. The attachment in such a case as this is issued on ex parte affidavit, as prescribed by the Code, ch. 151, § 2. But the defendant may contest the right to sue it out, as above mentioned. In other words,' he may deny the right to sue it out. And thus there is an issue made up between the parties, on the question of right. 'Of that issue the plaintiff has the affirmative, and the defendant the negative ; and the general rule is that the party having the affirmative must begin, and especially when such party is the plaintiff.
But the court is further of opinion, that even if the Circuit court erred in this respect, it was not an error to the prejudice of the plaintiff, or for-which the judgment ought to be reversed. The case was tried by the court without the intervention of a jury. All the evidence on both sides was heard, and the order in which -it was heard, seems to be a matter of perfect indifference.
The court is further of opinion, that the Circuit court did not err in abating the attachment, as mentioned in the fourth and last bill of exceptions. The preponderance of evidence, all of which is set out in .that bill, is decidedly in favor of the defendant. But, even if there had been a preponderance the other way, yet the bill, *163 feeing a certificate of evidence merely, and not facts, and the evidence being conflicting, and the defendant’s evidence, if true, proving that at the time of the-suing out of the attachment he did not intend to remove from the State, the court would have to regard the bill as a demurrer to the evidence, and to affirm the judgment, according to the doctrine settled by this court in the cases of Mitchell, &c. v. Baratta, &c.; and Same v. Riviera, &c., 17 Gratt. 445.
The court is, therefore, of opinion that there is no •error in the judgment; and that it be affirmed.
Judgment arrirmed.